UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAD POWER BIKES LLC, <br><br> Plaintiff, <br><br> v. <br><br> JHR ELECTRIC TRANSPORT LLC, <br><br> Defendant. | CASE NO. C19-0496JLR <br><br> ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY |

## I.    INTRODUCTION

Before the court is Defendant JHR Electric Transport LLC's (d/b/a Bam Power Bikes) ("JHR") motion for a continuance of case deadlines and protective order staying discovery until the court rules on JHR's pending motion to dismiss. (Mot. (Dkt. # 15); *see also* MTD (Dkt. # 12).) Plaintiff Rad Power Bikes LLC ("Rad Power Bikes") opposes the motion. (Resp. (Dkt. # 18).) JHR filed a reply. (Reply (Dkt. # 20).) The

//

ORDER - 1

court has considered the motion, the parties' submissions concerning the motion, and the applicable law. Being fully advised, the court DENIES JHR's motion.

## II.  BACKGROUND

Rad Power Bikes is a Washington State limited liability company that sells hybrid and electric bicycles. (Compl. (Dkt. # 1) ¶¶ 1, 4.) JHR, an Arizona limited liability company, also sells electric bicycles. (*Id.* ¶ 5.) In April 2019, Rad Power Bikes filed claims against JHR for copyright infringement under the Copyright Act, false advertising and false association under the Lanham Act, and unfair competition under Washington law. (*Id.* ¶¶ 15-34.)

On May 16, 2019, JHR filed a motion to dismiss. (*See* MTD.) JHR argues that the court should dismiss Rad Power Bikes' claims under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (*See id.* at 5-10); *see also* Fed. R. Civ. P. 12(b)(2). Alternatively, JHR argues that the court should dismiss the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (MTD at 10-14); *see also* Fed. R. Civ. P. 12(b)(6). JHR's motion to dismiss is noted for June 7, 2018. (*See* MTD.)

In the present motion, JHR asks the court "to continue case deadlines and issue a protective order staying discovery until it can rule on JHR's motion to dismiss." (Mot. at 1.) JHR argues that it "should not have to respond to Washington discovery or prepare for and attend depositions unless the [c]ourt determines that it is subject to jurisdiction here." (*Id.*) According to JHR, permitting Rad Power Bikes to engage in discovery

//

before the court's ruling on JHR's motion to dismiss would impose "an undue burden" on JHR. (*Id.* at 3.)

### III. ANALYSIS

Upon a showing of "good cause," the court may limit the time, place, and manner of discovery, or stay discovery altogether, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The showing must be particularized. *Id.* "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A party seeking a stay of discovery carries a "heavy burden" to make a "strong showing" why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975) (citation omitted).

The court finds that JHR has not demonstrated good cause to stay discovery pending the court's ruling on JHR's motion to dismiss. JHR fails to show that it will suffer "specific prejudice or harm" should discovery proceed. *See Phillips*, 307 F.3d at 1210. JHR makes only the broad argument that the court should not "requir[e] JHR to devote substantial resources to a Washington action" before ruling on its motion to dismiss. (Mot. at 3.) This generalized complaint falls short of the "strong showing" required for the court to stay discovery. *See Blankenship*, 519 F.2d at 429; *see also*

*Intellicheck Mobilsa, Inc. v. Honeywell Int'l, Inc.*, No. C16-0341JLR, 2017 WL 4221091, at *5 (W.D. Wash. Sept. 21, 2017) ("[A] pending motion to dismiss 'is not grounds for staying discovery.'") (quoting *Old Republic Title, Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010)); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."). The court thus DENIES JHR's motion to continue the case deadlines and stay discovery.

Should the parties encounter future discovery-related disputes, the parties must attempt to resolve those disputes by agreement, if possible. *See* Local Rules W.D. Wash. LCR 37(a)(1). In addition, pursuant to Federal Rule of Civil Procedure 16, the court "direct[s] that before moving for an order relating to discovery, the movant must request a conference with the court" by jointly telephoning chambers with the opposing party. *See* Fed. R. Civ. P. 16(b)(3)(B)(v).

//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES JHR's motion to continue the case deadlines and stay discovery. (Dkt. # 15.)

Dated this 28th day of May, 2019.

_____
The Honorable James L. Robart
U.S. District Court Judge